MARK W. WALLIN (SBN 331915)
mark.wallin@btlaw.com
AMY CHOE (SBN 299870)
amy.choe@btlaw.com
ROCHELLE L. CALDERON (SBN 325417)
rcalderon@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:   (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendant
GUARDIAN INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA, individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN INDUSTRIES, LLC., and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Declaration of Lily Yang; Declaration of Frances J. Cooley; Declaration of Amy Choe, Corporate Disclosure Statement, and Civil Cover Sheet]*<br><br>Complaint Filed:   April 18, 2024<br>Trial Date:   Not Set<br>District Judge:   TBD<br>Magistrate Judge:   TBD |

**TABLE OF CONTENTS**

Page

I.   THE STATE COURT ACTION ............................................................................................. 1

II.  REMOVAL IS TIMELY ........................................................................................................ 2

III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES ........................................ 2

    A.   Plaintiff Is a Citizen of California. ............................................................................ 2

    B.   Defendant Is a Citizen of Kansas. ............................................................................. 3

IV. THE JURISDICTIONAL MINIMUM IS SATISFIED ......................................................... 6

    A.   Lost Earnings. ........................................................................................................... 7

    B.   Attorneys' Fees. ........................................................................................................ 7

    C.   Emotional Distress Damages. ................................................................................... 8

    D.   Punitive Damages. .................................................................................................. 10

    E.   Total Claimed Damages. ........................................................................................ 10

V.  THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED ........................................................................................................................ 11

VI. CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Americold Realty Trust v. Conagra Foods, Inc.*,
    577 U.S. 378 (2016) ................................................................................................. 3

*Anderson v. American Airlines*,
    352 Fed. Appx. 182 (9th Cir. 2009) ......................................................................... 9

*Bennett v. Alaska Airlines, Inc.*,
    2014 WL1715811 (C.D. Cal. Apr. 30, 2014) ........................................................... 9

*Boyle v. Lorimar Productions, Inc.*,
    13 F.3d 1357 (9th Cir. 1994) ................................................................................. 10

*Casey v. ACE Cash Express, Inc.*,
    2014 WL 2468344 (C.D. Cal. May 30, 2014) ......................................................... 8

*Cosby v. AutoZone Inc.*,
    2010 WL 752421 (E.D. Cal. Feb. 12, 2010) ............................................................ 9

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ................................................................................. 10

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ............................................................................ 6, 8

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ................................................................................... 6

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ............................................................................ 2, 10

*Heinz v. Havelock*,
    757 F. Supp. 1076 (C.D. Cal. 1991) ........................................................................ 3

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................................... 3

*Hunt v. Washington State Apple Advertising Comm'n*,
    432 U.S. 333 (1977) ................................................................................................. 6

*Johnson v. Columbia Properties Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2004) ................................................................................................ 3

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ............................................................................................ 2, 7

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ............................................................................................. 2

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ............................................................................................... 2

*Lucett v. Delta Airlines, Inc.*,
    171 F.3d 295 (5th Cir. 1999) ............................................................................................. 11

*Patel v. Nike Retail Servs., Inc.*,
    58 F. Supp. 3d 1032 (N.D. Cal., 2014) ............................................................................... 2

*Richmond v. Allstate Ins. Co.*,
    897 F. Supp. 447 (S.D. Cal. 1995) ...................................................................................... 9

*Sanchez v. Monumental Life Ins. Co.*,
    95 F.3d 856 (9th Cir. 1996) ........................................................................................... 6, 10

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ........................................................................... 8, 9

*Soliman v. Phillip Morris, Inc.*,
    311 F.3d 966 (9th Cir. 2002) ............................................................................................... 6

*Thomas v. Aetna Health of California, Inc.*,
    2011 WL 2173715 (E.D. Cal. June 2, 2011) ...................................................................... 2

*Urbino v. Orkin Services of California, Inc.*,
    726 F.3d 1118 (9th Cir. 2013) ............................................................................................. 7

*Velez v. Roche*,
    335 F. Supp. 2d 1022 (N.D. Cal. 2004) .............................................................................. 9

**California Cases**

*Horsford v. Bd. of Trs. of Cal. St. Univ.*,
    132 Cal.App.4th 359 (2005) ................................................................................................ 8

**Other State Cases**

*Betson v. Rite Aid Corp.*,
    2011 WL 3606913 (Super. Ct. L.A. County) ............................................................. 10

*Carter v. CB Richard Ellis*,
    2001 WL 34109371 (Super. Ct. Orange County) ....................................................... 10

**Federal Statutes**

28 U.S.C.
    § 1331 ........................................................................................................................ 12
    § 1332, 1441, AND 1446 ........................................................................................ 1, 3
    § 1367, 1441, and 1446 ........................................................................................... 1, 6
    § 1441 ................................................................................................................ 1, 6, 11
    § 1446 .............................................................................................................. 2, 11, 12

**California Statutes**

Cal. Code Civ. Pro.
    § 415.10 ...................................................................................................................... 2

Private Attorneys General Act of 2004 ("PAGA") ........................................... 1, 2, 3, 7, 11

Cal. Govt. Code
    § 12965(b) .................................................................................................................. 8

Cal. Civil Code
    § 3294 ....................................................................................................................... 10

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Guardian Industries, LLC ("Defendant") petitions the Court to remove this action from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendant makes this petition on the grounds that: complete diversity of citizenship exists between Frank Espinoza ("Plaintiff"), a citizen of California, and Defendant Guardian Industries LLC ("Defendant"), a citizen of Kansas. Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I.   THE STATE COURT ACTION

1. On April 18, 2024, Plaintiff filed an action against Defendant entitled "*Frank Espinoza; individually and on behalf of all similarly situated employees of Defendants in the State of California v. Guardian Industries, LLC, and DOES 1 through 50, inclusive*" in Fresno County Superior Court, Case Number 24CECG01692. A true and correct copy of the Summons and Complaint, along with the Civil Case Cover Sheet, and Notice of Case Management Conference and Assignment of Judge for All Purposes, are attached as **Exhibit A** the Declaration of Amy Choe ("Choe Decl."), ¶ 6.

2. On June 3, 2024, Plaintiff filed a First Amended Complaint, adding a claim under the Private Attorneys General Act of 2004 ("PAGA"). Choe Decl., ¶ 7, **Exhibit B.**

3. One June 14, 2024, Plaintiff filed an Ex Parte Application for an Order Extending Time to Serve Defendant with the Complaint. This application was granted on June 20, 2024. Choe Decl., ¶ 8, **Exhibit C.**

///
///
///

4. Plaintiff served Defendant by personal service on June 24, 2024. Choe Decl., ¶ 9, **Exhibit D.**

5. On July 24, 2024, Defendant timely filed and served its Answer to the First Amended Complaint in Fresno County Superior Court. Choe Decl., ¶ 10, **Exhibit E.**

## II.   REMOVAL IS TIMELY

6. Service of a summons and complaint by personal service is complete at the time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

7. As set forth above, Plaintiff served the Summons and Complaint on Defendant by personal service on June 24, 2024. Since Defendant filed this removal within thirty days of June 24, 2024, removal is timely.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

### A. Plaintiff Is a Citizen of California.

8. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. The complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). The citizenship of unnamed class members is disregarded. *Gibson v. Chrysler Corp.*, 261 F.3d 927, n. 2 (9th Cir. 2001), *citing Supreme Tribe of Ben–Hur v. Cauble*, 255 U.S. 356, 366–67 (1921).

10. Similarly, courts have held that complete diversity exists in PAGA actions when the citizenships of the named plaintiff and named defendants are diverse. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1035 (N.D. Cal., 2014); *Thomas v. Aetna Health of California, Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *8 (E.D.

Cal. June 2, 2011) (recognizing that removal based on diversity was proper where plaintiff of diverse citizenship from her former employers brought a PAGA claim against them).

11. Plaintiff is, and at all times relevant to this action was, a citizen of California with his principal place of residence in California. Plaintiff's personnel file shows that: (a) Plaintiff resided in Kingsburg, California at the time he applied for employment in 2014; (b) Plaintiff resided in California throughout his employment; and (c) Plaintiff's last known address indicates he resided in Kingsburg, California at the time his employment with Defendant ended in March 2024. *See* Declaration of Lily Yang ("Yang Decl."), ¶ 5; *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed). Therefore, Plaintiff is a citizen of California.

**B. Defendant Is a Citizen of Kansas.**

12. For removal purposes, a limited liability company is treated as a partnership, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2004). A limited liability company, like a limited partnership, "is a citizen of every state of which its owners/members are citizens." *Id.*; *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 382-383 (2016).

13. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

///

14. Defendant Guardian Industries, LLC is a limited liability company formed under the laws of Delaware. *See* Declaration of Frances J. Cooley ("Cooley Decl."), ¶ 4. Defendant has one member and is a wholly owned subsidiary of Guardian Glass, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 4. Guardian Glass, LLC's headquarters are located in Michigan, and Guardian Glass, LLC's primary financial and administrative offices are located in its headquarters in Michigan. *Id.* at ¶ 4. Additionally, the majority of Guardian Glass, LLC's executives, officers, and directors are located at, and direct, control, and coordinate Guardian Glass, LLC's activities primarily from its headquarters in Michigan. *Id.* at ¶ 4.

15. Guardian Glass, LLC has one member and is a wholly owned subsidiary of GI Domestic Holdings, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 5. GI Domestic Holdings, LLC's headquarters are located in Michigan, and GI Domestic Holdings, LLC's primary financial and administrative offices are located in its headquarters in Michigan. *Id.* at ¶ 5. Additionally, the majority of GI Domestic Holdings, LLC's executives, officers, and directors are located at, and direct, control, and coordinate GI Domestic Holdings, LLC's activities primarily from its headquarters in Michigan. *Id.* at ¶ 5.

16. GI Domestic Holdings, LLC has two members: GI Resources II Holdings, LLC, as well as Guardian Industries Holdings, LLC. GI Resources II Holdings, LLC is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 6. GI Resources II Holdings, LLC's headquarters are located in Michigan, and its officers and directors are primarily located at, and direct, control, and coordinate GI Resources II Holdings, LLC's activities from its headquarters in Michigan. *Id.* at ¶ 6.

17. GI Resources II Holdings, LLC has one member and is a wholly owned subsidiary of Guardian Industries Holdings, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 7. Guardian Industries Holdings, LLC's headquarters are located in Michigan, and its officers and directors are primarily located at, and direct, control, and coordinate Guardian Industries Holdings, LLC's activities

from its headquarters in Michigan. *Id.* at ¶ 7.

18. Guardian Industries Holdings, LLC has one member and is a wholly owned subsidiary of GI, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 8. GI, LLC's headquarters are located in Michigan, and its officers and directors are primarily located at, and direct, control, and coordinate GI, LLC's activities from its headquarters in Michigan. *Id.* at ¶ 8.

19. GI, LLC has one member and is a wholly owned subsidiary of Guardian Industries Resources, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 9. Guardian Industries Resources, LLC's headquarters are located in Michigan, and its officers and directors are primarily located at, and direct, control, and coordinate Guardian Industries Resources, LLC's activities from its headquarters in Michigan. *Id.* at ¶ 9.

20. Guardian Industries Resources, LLC has one member and is a wholly owned subsidiary of Guardian Industries Equity Holdings, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 10. Guardian Industries Equity Holdings, LLC's headquarters are located in Michigan, and its officers and directors are primarily located at, and direct, control, and coordinate Guardian Industries Equity Holdings, LLC's activities from its headquarters in Michigan. *Id.* at ¶ 10.

21. Guardian Industries Equity Holdings, LLC has one member and is a wholly owned subsidiary of KGIC Holdings, LLC, which is a limited liability company formed under the laws of Delaware. *Id.* at ¶ 11. KGIC Holdings, LLC's headquarters are located in Kansas, and its officers and directors are primarily located at, and direct, control, and coordinate KGIC Holdings, LLC's activities from its headquarters in Kansas. *Id.* at ¶ 11.

22. KGIC Holdings, LLC has one member and is a wholly owned subsidiary of Koch Industries, Inc., which is a corporation organized under the laws of Kansas. *Id.* at ¶ 12. Koch Industries, Inc.'s headquarters are located in Kansas, and its officers and directors are primarily located at, and direct, control, and coordinate Koch Industries, Inc.'s activities from its headquarters in Kansas. *Id.* at ¶ 12.

23. Therefore, Guardian Industries, LLC is a citizen of Kansas.

24. Because Plaintiff is a citizen of California, and Defendant is a citizen of Kansas, complete diversity among the parties exists.[1]

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

25. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[2]

26. As an initial matter, Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

27. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

28. For purposes of class actions, the amount of controversy is satisfied "if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000; 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims." *Kanter*, *supra,* 265 F.3d at 858. Similarly, the amount in controversy requirement is satisfied in PAGA matters when the named plaintiff's individual potential recovery

---

[1] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[2] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

amount exceeds $ 75,000. *See Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (holding that parties may not meet the $75,000 jurisdictional threshold by aggregating the potential recovery amounts of all purportedly aggrieved employees).

### A. Lost Earnings.

29. Plaintiff seeks to recover lost earnings. (*See, e.g.*, Compl., ¶¶ 217, 224; Prayer, ¶¶ p, q.)

30. Plaintiff was a full time employee (40 hours per week) who was paid $26 per hour. Yang Decl., ¶ 6. This equates to approximately $1,040 per week.

31. Based on Plaintiff's weekly earnings of approximately $1,040, Plaintiff's lost earnings since the end of his employment on March 1, 2024 until the filing date of this case total approximately $6,240 ($1,040 per week x 6 weeks).

32. According to the 2024 Judicial Caseload Profile for the Eastern District of California, the median time from filing to trial for civil cases is 68.9 months, which is approximately 299 weeks. *See* Choe Decl., ¶ 4. 299 weeks from the April 18, 2024 date of filing in this case is approximately January 10, 2030. The amount of lost earnings Plaintiff has put in controversy, *i.e.*, total lost earnings between the end of Plaintiff's employment and the estimated trial date in this matter based on the median time to trial in the Eastern District, is $310,960 ($1,040 per week x 299 weeks).

33. Thus, the amount of controversy based on Plaintiff's claimed lost wages alone is at least $317,200 ($310,960 + $6,240 = $317,200).

### B. Attorneys' Fees.

34. Plaintiff seeks to recover attorneys' fees. (*See, e.g.*, Compl., Prayer, ¶ b.)

35. When authorized by statute or contract, claims for attorneys' fees are properly considered in determining the amount in controversy. *Gault G/S/, supra*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract); *see also* Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to "prevailing party" in employment discrimination actions);

*Horsford v. Bd. of Trs. of Cal. St. Univ.*, 132 Cal.App.4th 359, 394 (2005) ("prevailing party" is entitled to attorneys' fees "absent circumstances that would render the award unjust").

36.  Moreover, the measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

37.  As other courts have noted, employment actions often "require substantial effort from counsel." *Id.* A typical hourly rate for employment cases in district courts of California, such as the Eastern District, is approximately $300 per hour. *See Casey v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). At a relatively low billing rate of only $300 per hour, an attorney would only have to spend 250 hours to reach $75,000 in attorneys' fees. An attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity. *See* Choe Decl., ¶ 5. Accordingly, to litigate this case through trial at the typical hourly rate for employment cases in this district, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least $75,000 (250 hours x $300 per hour).

**C. Emotional Distress Damages.**

38.  Plaintiff seeks an award of emotional distress damages. (*See, e.g.*, Compl., ¶¶ 217, 224)

39.  Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons*, *supra*, 209 F. Supp. 2d at 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

40. While Plaintiff does not state a specific amount of emotional distress damages that he is seeking, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of the amount in controversy); *Bennett v. Alaska Airlines, Inc.*, 2014 WL1715811, at *3 (C.D. Cal. Apr. 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases).

41. As the following cases show, emotional distress damages in employment discrimination actions are often sufficient, in and of themselves, to satisfy the amount in controversy requirement:

    a. *Cosby v. AutoZone Inc.*, 2010 WL 752421, 2:08-cv-00505-LKK-DAD (E.D. Cal. Feb. 12, 2010) (jury awarding $ 1,326,000 for "past mental suffering" in single plaintiff employment discrimination case);

    b. *Anderson v. American Airlines*, 352 Fed. Appx. 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case);

    c. *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence […] that the plaintiff suffered heightened mental anguish"); and

    d. *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in discrimination action).

42. Based on this, Plaintiff's claims for emotional distress damages alone put the amount in controversy in this matter over $75,000.

### D. Punitive Damages.

43. Plaintiff seeks an award of punitive damages. (*See, e.g.*, Compl., ¶¶ 218, 225)

44. Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

45. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See, e.g., Carter v. CB Richard Ellis*, 2001 WL 34109371 (Super. Ct. Orange County) ($600,000 award of punitive damages in discrimination case).

46. Therefore, Plaintiff's claims for punitive damages alone put the amount in controversy above the jurisdictional minimum of this Court.

### E. Total Claimed Damages.

47. While the Complaint does not allege a damage amount, removal is proper as it is more likely than not, based on the allegations in the Complaint and the Petition and Notice of Removal, that the value of Plaintiff's claims exceeds $75,000. *See Sanchez, supra,* 102 F.3d at 404; *see also Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

48. In sum, the total amount in controversy is at least $**542,200**, well above the $75,000 jurisdictional minimum, as demonstrated below.

| Type of Damages | Amount in Controversy |
| --- | --- |
| Lost Earnings | $317,200+ |
| Attorneys' Fees | $75,000+ |
| Emotional Distress | $75,000+ |

| Punitive Damages | $75,000+ |
|---|---|
| **Total** | **$542,200+** |

49. Importantly, the amount in controversy calculated above does not even include Plaintiff's individual recovery of wages and penalties under the various wage and hour class action claims and PAGA claim.

## V. THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

50. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

51. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

52. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by Exhibit A, which is a copy of all process, pleadings, and orders served on Defendant. Moreover, this Notice of Removal is also accompanied by Exhibit D, which is a copy of Defendant's Answer to the Complaint, which is the only pleading Defendant has served on Plaintiff in the state court proceeding.

53. In accordance with 28 U.S.C. section 1446(b), Defendant's Notice of Removal was filed within thirty days after completion of the initial service on Defendant.

54. In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via its counsel and will file a copy of that Notice with the Fresno County Superior Court.

///
///
///
///
///
///
///
///

## VI. CONCLUSION

55. Because jurisdiction is proper under 28 U.S.C. sections 1331 (federal question) and 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

56. If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

Dated: July 24, 2024

**BARNES & THORNBURG LLP**

By: *Amy Choe*
Mark Wallin
Amy Choe
Rochelle Calderon
Attorneys for Defendant
GUARDIAN INDUSTRIES, LLC

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 300, Los Angeles, California 90067. On July 24, 2024, I served the foregoing document(s) described as: **DEFENDANT'S PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441, AND 1446** on interested parties below, using the following means:

GRAHAMHOLLIS APC.
Graham S.P. hollis
ghollis@grahamhollis.com
Nathan J. Reese
nreese@grahamhollis.com
Taylor m. gee
tgee@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, CA 92103

Attorneys for Plaintiff
Frank Espinoza

☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ BY ELECTRONIC MAIL – Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 24, 2024 at Los Angeles, California.

Rose Shushanyan
Print Name

*Rose Shushanyan*
Signature

43929173.4

PROOF OF SERVICE