1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

10

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| FRANK ESPINOZA,<br><br>        Plaintiff,<br><br>    v.<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>        Defendant. | Case No. 1:24-cv-00853-KES-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO COMPLY WITH COURT ORDER AND IMPOSING COSTS TO DEFENDANT<br><br>(ECF Nos. 17, 21)<br><br>**FOURTEEN DAY DEADLINE** |

17

18

**I.**

**BACKGROUND**

19

20

21

22

23

24

25

On July 31, 2025, the Court issued an order granting the parties stipulation regarding their agreement related to various discovery matters. (ECF No. 17.)  Within the order, the Court ordered Defendant to "produce a sample of putative Class Members' itemized wage statements during the Class Period" and said sample shall "consistent of two back-to-back wage statements for each quarter of the Class Period, which are to be identified in a random fashion, and the sample shall include the pay periods identified in **Exhibit 1.**"  (Id.)

26

27

28

On October 3, 2025, Plaintiff filed a motion to compel Defendant to comply with the order to produce the itemized wage statements, in addition to a request for reasonable expenses. (ECF No. 21.)  That same day, the Court set a hearing on the motion for October 29, 2025, at

1   10:00 a.m., in Courtroom 9 for this matter to be heard.  (Id.)  However, after reviewing the

2   record, the Court vacated the hearing on October 22, 2025, and took the matter under submission

3   to be decided on the papers.  (ECF No. 22.)  In that order, the Court also directed Plaintiff to

4   advise whether he intended to pursue sanctions, notwithstanding the absence of evidence

5   supporting costs and fees.  (Id.)  Defendant filed its response to Plaintiff's motion on October 24,

6   2025, asserting that it had complied with the order.  (ECF No. 23.)  On October 28, 2025,

7   Plaintiff filed his reply, stating that while Defendant made two productions, Defendant did not

8   produce the wage statements ordered by this Court.  (ECF No. 25.)  Instead, Defendant produced

9   redacted payroll register reports for 44 of the 46 agreed upon pay periods and a preview redacted

10  payroll register reports for two remaining pay periods.  (Id.)

11                                              **II.**

12                                     **LEGAL STANDARD**

13         Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure.

14  Rule 37 provides in pertinent part:

15         **(a) Motion for an Order Compelling Disclosure or Discovery.**

16         **(1) In General.** On notice to other parties and all affected persons,
           a party may move for an order compelling disclosure or discovery.
17         The motion must include a certification that the movant has in
           good faith conferred or attempted to confer with the person or
18         party failing to make disclosure or discovery in an effort to obtain
           it without court action.

19

20  Fed. R. Civ. P. 37 (emphasis in original).  Rule 37 states that "an evasive or incomplete

21  disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed.

22  R. Civ. P. 37(a)(4).

23         If a motion to compel discovery under Rule 37 is granted, the Court must order the "party

24  or deponent whose conduct necessitated the motion, the party or attorney advising that conduct,

25  or both to pay the movant's reasonable expenses incurred in making the motion, including

26  attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain

27  the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

28  response, or objection was substantially justified; or (iii) other circumstances make an award of

                                                2

1  expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  Local Rule 110 also states that "[f]ailure of

2  counsel or of a party to comply with… any order of the Court may be grounds for imposition by

3  the court of any and all sanctions authorized by statute or Rule or within the inherent power of

4  the Court." L.R. 110.

**III.**

**DISCUSSION**

**A.  Plaintiff's Motion to Compel**

8       Plaintiff moves to compel Defendant to produce a sample of itemized wage statements

9  during the Class Period, as required by the July 31, 2025 Court order.  (ECF Nos. 17, 21.)

10  Plaintiff contends that Defendant failed to comply with this order and did not produce the agreed

11  upon sample of wage statements despite being granted an extension of time to do so.  (ECF No.

12  21, p. 4.)

13       Defendant argues that it has produced the wage statements as of October 23, 2025, and

14  has therefore complied with the Court's order.  (ECF No. 23, p. 4.)  Upon receipt, however,

15  Plaintiff informed Defendant that the wage statements were not in the proper format.  (Id. at p. 5)

16  Defendant asserts that it remains unclear what format Plaintiff prefers or believes exists.  (Id.)

17       Plaintiff maintains that, despite two separate productions, Defendant has not produced

18  wage statements as ordered.  (ECF No. 25, pp. 1, 3-4.)  Rather, Defendant produced redacted

19  payroll register reports for 44 of the 46 agreed upon pay periods and partial redacted payroll

20  register reports for two pay periods.  (Id.)  Plaintiff asserts that these redactions prevent matching

21  the payroll registers to corresponding time records, thereby hindering a thorough analysis.  (Id.)

22       Because the parties previously agreed to the sampling of wage statements as outlined in

23  the stipulation and order, Plaintiff's motion to compel is granted.  Defendant shall produce an

24  unredacted sample of the wage statements for the agreed upon pay periods as described in the

25  July 31, 2025 Court order.

**B.  Reasonable Expenses**

27       As a result of Defendant's failure to comply with the Court's July 31, 2025 Order,

28  Plaintiff requests that this Court order Defendant to pay Plaintiff's reasonable expenses.  (ECF

1   Nos. 21, 25.)   Plaintiff seeks attorney fees for twelve hours spent in connection with this motion

2   at an hourly rate of $910.00.  (Rodiguez Declaration, ¶¶ 18-19.)  Counsel states this amount will

3   total at least $10,920.00; however, Plaintiff requests $5,000.00.  (Id.)

4        In determining if the amount requested is reasonable courts use the lodestar method

5   which multiplies the number of hours reasonably expended by counsel by the reasonable hourly

6   rate.   Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v.

7   Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon v, Allstate Ins. Co., 335 F.R.D.

8   305, 311 (C.D. Cal. 2020).   The lodestar amount is to be determined based upon the prevailing

9   market rate in the relevant community.   Blum v. Stenson, 465 U.S. 886, 896 (1984).   The

10  "relevant legal community" for the purposes of the lodestar calculation is generally the forum in

11  which the district court sits.  Gonzales, 729 F.3d at 1205.  "To inform and assist the court in the

12  exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in

13  addition to the attorney's own affidavits—that the requested rates are in line with those

14  prevailing in the community for similar services by lawyers of reasonably comparable skill,

15  experience and reputation." Blum, 465 U.S. at 895 n.11.  The Court may either apply the current

16  or historical prevailing rates, although "the use of current rates may be necessary to adjust for

17  inflation if the fee amount would otherwise be unreasonable."  See, e.g., Topete v. Ramos

18  Furniture, 2018 U.S. Dist. LEXIS 142033, at *33 (E.D. Cal. Aug. 20, 2018) (quoting Schwarz v.

19  Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995)).

20       Counsel claims she spent approximately eight hours preparing Plaintiff's motion to

21  compel and anticipated four hours preparing the reply. (Rodriguez Decl., ¶ 18.)  At the outset,

22  "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation

23  and must submit evidence in support of those hours worked."  Gates v. Deukmejian, 987 F.2d

24  1392, 1397 (9th Cir. 1992).   The "burden then shifts to the opposition to submit evidence

25  challenging the accuracy and reasonableness of the hours charged." Atayde v. Napa State Hosp.,

26  (E.D. Cal. May 28, 2020).  Counsel states that her "office keeps contemporaneous billing detail

27  logs, which reflect time billed in one-tenth of an hour increments" (Rodriguez Decl., ¶ 18);

28  however, counsel did not provide such documentation.  Instead, the only exhibits attached to her

4

1    motion consist of e-mail exchanges between herself and Defendant's counsel.    Because

2    Defendant did not challenge the hours claimed, the Court finds that twelve hours spent preparing

3    the moving papers is reasonable.

4         Turning to the applicable hourly rate, Counsel seeks $910.00 per hour for the time

5    expended in this motion.  In the Fresno Division of the Eastern District of California, this Court

6    has previously found reasonable hourly rates to range from $200.00 to $425.00 per hour.  In re

7    Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 838 (E.D. Cal. 2016).  The higher end of

8    the scale is generally reserved for attorneys who possess over twenty years of experience.  Id. at

9    839.  Counsel did not set forth her experience, but the Court takes judicial notice of records of

10   the California State Bar showing that she has been admitted since June 4, 2015.    See

11   https://apps.calbar.ca.gov/attorney/Licensee/Detail/304223.[1]  Attorneys with ten to twenty years

12   of experience are awarded hourly rates of $250.00 to $325.00 per hour.  See BMO Harris Bank

13   N.A. v. Harjit Singh, 2025 WL 16720667, at *16 (E.D. Cal. June 13, 2025) (quoting Beard v.

14   Cnty. of Stanislaus, 2023 WL 199200, at *13 (E.D. Cal. Jan. 17, 2023)).

15        Counsel has not provided evidence demonstrating that her $910.00 hourly rate is

16   consistent with prevailing rates in the Fresno community.  Her declaration merely states, "My

17   billing rate is $910.00 per hour, which is reasonable in the community given my experience."

18   (Rodriguez Decl., ¶ 18.)  The Court does not find this statement to be of satisfactory evidence.

19   Accordingly, the Court will reduce the billing rate to the higher end of the scale for an attorney

20   with ten years of experience—$325.00 per hour.

21        Applying the adjusted hourly rate, the total figure awardable to Plaintiff would be

22   $3,900.00 (12 hours of time x $325 per hour).  However, because counsel failed to provide

23   evidence of supporting costs and fees despite having been afforded an opportunity to do so, the

24   Court reduces this amount by ten percent.  See Moreno v. City of Sacramento, 534 F.3d 1106,

25   1112 (9th Cir. 2008) ("the district court can impose a small reduction, no greater than 10

26   percent—a "haircut"—based on its exercise of discretion and without a more specific

27   _____

[1] Courts may take judicial notice of information displayed on government websites where neither party disputes the
accuracy of the information contained therein.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir.
28   2010).

1  explanation."). Therefore, the Court finds that the Plaintiff's counsel is entitled to attorney's fees

2  in the amount of $3,510.00.

3                                                **IV.**

4                                              **ORDER**

5       Based on the foregoing, it is HEREBY ORDERED that:

6       1.      Plaintiff's motion to compel (ECF No. 21), is **GRANTED**;

7       2.      Defendant is DIRECTED to produce unredacted wage statements for all the

8               agreed upon payroll periods as described in the Court's July 31, 2025 Order (ECF

9               No. 17) **within fourteen (14) days of entry of this order**;

10      3.      Plaintiff's request for reasonable fees and expenses (ECF No. 21), is **GRANTED**

11              **IN PART**;

12      4.      Defendant shall pay Plaintiff's counsel in the amount of $3,510.00 **within thirty**

13              **(30) days of the date of entry of this order**; and

14      5.      Defendant is advised that failure to comply with this order may result in further

15              issuance of sanctions.

16

17  IT IS SO ORDERED.

18  Dated:   **November 14, 2025**

                                            STANLEY A. BOONE
19                                          United States Magistrate Judge

20

21

22

23

24

25

26

27

28

6