# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA, *individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California*,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>Defendant. | Case No. 1:24-cv-00853-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO MODIFY SCHEDULING ORDER<br><br>ORDER VACATING INFORMAL DISCOVERY DISPUTE CONFERENCE<br><br>(ECF No. 35) |

Currently before the Court is Plaintiff's *ex parte* application for an order continuing the pre-certification discovery deadline and deadline for filing the class certification motion by sixty days. The Court construes Plaintiff's request as a motion to modify the scheduling order. Defendant opposes the motion. Having considered the parties' briefing papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following order denying Plaintiff's *ex parte* application.

## I.

## RELEVANT BACKGROUND

The instant case was removed to this Court on July 24, 2024. (ECF No. 1.) On October 4, 2024, the Court set a deadline of November 7, 2025, to complete pre-certification discovery. (ECF No. 11.) On September 29, 2025, the parties submitted a joint stipulation to continue the

pre-certification discovery deadline to January 16, 2026, which the Court approved.  (ECF Nos. 18, 19.)  On December 16, 2025, the parties attended an informal discovery dispute conference wherein the Court continued the pre-certification discovery deadline to February 20, 2026.  (ECF No. 29.)  On February 20, 2026, the parties entered into another stipulation to continue the pre-certification discovery deadline to April 6, 2026, which the Court also approved.  (ECF Nos. 33, 34.)

On April 6, 2026, Plaintiff filed the instant *ex parte* motion to extend the discovery deadlines.  (ECF No. 35.)  On April 9, 2026, Defendant filed an opposition.  (ECF No. 36.)

**II.**

**LEGAL STANDARD**

**A.  *Ex Parte* Applications**

Local Rule 144 provides that "[t]he Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.  Except for one initial extension, ex parte applications for extension of time are not ordinarily granted."  L.R. 144(c).  Further, "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent," and "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." L.R. 144(d).

**B.  Good Cause Standard to Modify a Scheduling Order**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Good cause "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992)

2

(internal citation and quotations omitted).  The prejudice to parties opposing modification of the scheduling order, if any, may be grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification.  Id.

In assessing diligence, relevant inquiries include: "whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent."  United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 337 F.R.D. 395, 404 (E.D. Cal. 2018) (citation omitted).  Carelessness, however, is incompatible with a finding of diligence and does not justify relief.  Johnson, 975 F.2d at 609.  Accordingly, if the moving party fails to demonstrate diligence, the Court's inquiry should end, and the motion should be denied.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609).

### III.

### DISCUSSION

Plaintiff argues that good cause exists to modify the discovery deadlines because, despite his best efforts, he has been unable to obtain all necessary discovery from Defendant, and as a result, the parties are unable to meet the pre-certification discovery deadline.  (ECF No. 35.)  In response, Defendant contends that, under the Court's scheduling order, Plaintiff was required to raise discovery disputes through a regularly noticed motion with sufficient time for the Court to hear the motion and grant effective relief before the discovery deadline.  (Id. at 7.)  The Court agrees with Defendant.

The scheduling order issued in this matter on October 4, 2024 states:

The parties are cautioned that the discovery cut-off deadlines are the dates by which all discovery must be completed.  Absent good cause, discovery motions will not be heard after the discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline.  In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief

3

on a motion to compel.  Counsel are expected to take these contingencies into account when proposing discovery deadlines.  Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 11) (emphasis in original).

First, Plaintiff has failed to show good cause to modify the scheduling order.  In his motion, Plaintiff merely asserts that he has been diligent in his efforts to meet the current deadline; however, diligence requires seeking amendment once the need for additional time becomes apparent.  The Court observes that Plaintiff filed his ex parte application to amend the scheduling order at 9:32 p.m. on the final day of the pre-certification discovery deadline.  This eleventh-hour filing disregarded the clear requirements and purpose of the scheduling order and foreclosed any possibility that the Court could resolve the issue before the deadline expired.  If Plaintiff believed additional time was necessary to conduct discovery, that concern should have been raised once it became foreseeable.

Additionally, the Court finds Plaintiff's *ex parte* motion largely an inappropriate use of an *ex parte* under general principles, and specifically under the Local Rules.  "The expression 'ex parte motion' is a term of art.  In its pure form it means a request a party makes to the court *without* any notice to the other side." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 448, 490 (C.D. Ca. 1995) (emphasis added).  "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion." Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP (VBKx), 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).  The Local Rules of the Eastern District recognize only limited circumstances in which *ex parte* motions may be filed, and as summarized above, Local Rule 144's mechanism for *ex parte* extensions does not favor Plaintiff's fourth request to modify the scheduling order.

/ / /

/ / /

/ / /

/ / /

Accordingly, it is HEREBY ORDERED that Plaintiff's *ex parte* application (ECF No. 35) is DENIED, and the informal discovery dispute conference set for April 20, 2026, is VACATED.

IT IS SO ORDERED.

Dated:   **April 11, 2026**

STANLEY A. BOONE
United States Magistrate Judge