# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA, *individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California*,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>Defendant. | Case No. 1:24-cv-00853-KES-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>(ECF No. 41) |

Before the Court is Defendant Guardian Industries, LLC's motion for an extension of time to file an opposition to Plaintiff Frank Espinoza's motion for class certification. Specifically, Defendant moves to continue the briefing schedule and hearing on Plaintiff's motion for class certification by 42 days. (ECF No. 41.) Plaintiff timely filed an opposition, which the Court has considered. (ECF No. 42.) As explained below, the Court will grant in part and deny in part Defendant's motion.

**I.**

**RELEVANT BACKGROUND**

This matter was removed to this Court on July 24, 2024. (ECF No. 1.) On October 4, 2024, the Court set a deadline of November 7, 2025, to complete precertification discovery. (ECF No. 11.) On September 29, 2025, the parties submitted a joint stipulation to continue the precertification discovery deadline to January 16, 2026, which the Court approved. (ECF Nos.

18, 19.)  On December 16, 2025, the parties attended an informal discovery dispute conference wherein the Court continued the precertification discovery deadline to February 20, 2026.  (ECF No. 29.)  On February 20, 2026, the parties entered into another stipulation to continue the precertification discovery deadline to April 6, 2026, which the Court also approved.  (ECF Nos. 33, 34.)  On April 11, 2026, the Court denied Plaintiff's "ex parte" application to modify the scheduling order, meaning that precertification discovery had concluded on April 6, 2026.  (ECF No. 38.)

On May 18, 2026, Plaintiff timely filed his motion to certify class (ECF No. 39), and therefore, by Local Rule, Defendant's opposition is due by June 1, 2026.  L.R. 230(c).  The hearing on the motion is presently set for June 24, 2026.  On May 21, 2026, the parties met-and-conferred on the issue of the briefing schedule and hearing date for the motion, but they were unable to come to an agreement.  (See ECF No. 41, p. 1.)  Thus, on that same date, Defendant filed the instant motion for an extension of time regarding the briefing schedule and the hearing date.  (Id.)

## II.

## DISCUSSION

In support of its motion, Defendant first argues that Plaintiff waited to file his motion on the deadline for the motion, but also on that same date, Plaintiff served Defendant with supplemental disclosures under Federal Rule of Civil Procedure Rule 26.  These supplemental disclosures included 15 declarations of purported class members, with one of these declarations executed as early as April 16, 2026.  (ECF No. 41, p. 2.)  Defendant also notes that Plaintiff filed and served an expert declaration in support of his motion for class certification; Plaintiff did not disclose that he had had obtained an expert or sworn statements from alleged class members until May 18, 2026, when the motion for class certification was filed.  (Id.)  Second, Defendant states that it intends to depose the declarants identified by Plaintiff, having served subpoenas on Plaintiff's counsel.  (Id. at pp. 2-3.)  Third, Defendant notes that it has retained an expert to rebut Plaintiff's expert report, which is a "vital step for Defendant to preserve the right to file a Daubert motion challenging Plaintiff's expert."  (Id. at p. 3.)  Finally, and relatedly, Defendant

argues that its expert will assist Defendant in determining whether to depose Plaintiff's expert (which further implicates timing).  (Id.)

In opposition, Plaintiff first outlines, from his point of view, the obstruction Defendant has engaged in throughout discovery.  (ECF No. 42, p. 3-6.)  Plaintiff then observes that Defendant recently opposed Plaintiff's request to extend the deadlines to continue precertification discovery and file a motion for class certification.  (Id. at pp. 6-7.)  In opposing the instant request before the Court, Plaintiff summarizes his position as follows: "Guardian failed to diligently prepare its opposition during the almost two years between the scheduling order and the class certification filing deadline; Guardian's need for additional time arises from its own choices, not from unforeseeable circumstances; and Guardian's desire to conduct additional discovery and retain additional experts does not constitute good cause to modify the scheduling order." (Id. at p. 7.)

Upon consideration of the motion and opposition, the Court finds certain aspects of the parties' arguments puzzling.  For example, the Court's scheduling order for cases with phased discovery for class certification, which has been modified numerous times in this litigation, clearly states that "[t]he parties are ordered to complete all pre-certification discovery on or before [April 6, 2026]."[1]  (ECF Nos. 11, 34.)  Furthermore, the scheduling order clearly states that "[t]he provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced." (ECF No. 11, p. 3.)  Finally, for good measure, the Court quotes its scheduling order regarding the handling of discovery issues:

> The parties are cautioned that the discovery cut-off deadlines are the dates by which all discovery must be completed.  Absent good cause, discovery motions will not be heard after the discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline.  In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer,

---

[1] The Court notes that Defendant opposed Plaintiff's request to continue precertification discovery to June 5, 2026. (ECF No. 36.)

time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(Id.)

Because precertification discovery has closed, the Court finds that portion of Defendant's justification regarding conducting further discovery to be without merit. That said, Defendant is free to pursue its remedies available under Rule 16, Rule 26, Rule 37, and/or the Court's scheduling order in its opposition. Given the time put toward this motion, the Court finds that only a one-week extension is appropriate for the opposition and a reply extended deadline.

With the above laid out, the Court observes that there are considerations for both sides regarding the issues of potentially late disclosures, late supplemental disclosures, or even perhaps a failure to disclose. Should the parties wish to come together and reach an agreement, the Court will entertain a stipulation by the parties regarding the continuing of briefing schedule and hearing date on Plaintiff's motion.

## III.

## ORDER

In light of the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to extend deadlines. (ECF No. 41.) Defendant's opposition shall be due by **June 8, 2026**. Plaintiff's reply shall be due by **June 18, 2026**. The hearing on Plaintiff's motion to certify class remains set for **June 24, 2026 at 10:00 am**.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4