# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA, *individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California*, <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN INDUSTRIES, LLC, <br><br> Defendant. | Case No. 1:24-cv-00853-KES-SAB <br><br> ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO FILE DOCUMENTS UNDER SEAL <br><br> (ECF No. 40) |

Currently before the Court is Plaintiff's *ex parte* motion to file documents under seal in support of Plaintiff's motion for class certification. (ECF No. 40.) Requests to seal documents in this district are governed by the Local Rule 141.

In brief, Local Rule 141(b) sets forth the requirements a party must include in its motion, including "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b). The Court has reviewed Plaintiff's motion and finds that it fails to comply with the Local Rules. Specifically, Plaintiff's motion omits the requested duration of sealing and does not identify the persons to be permitted access.

Moreover, the Local Rule provides that "[i]f a party seeks to seal documents, the party shall submit . . . a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents', a

1

proposed order, and all documents covered by the request." Id.  Plaintiff, however, filed only an *ex parte* motion and did not submit the additional documents required by the Local Rules.[1]

Accordingly, the Court DENIES Plaintiff's motion without prejudice.

IT IS SO ORDERED.

Dated:   **June 1, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[1] Although Plaintiff's certificate of service indicates that the proposed order was served on Defendant, the Court is not in receipt of that document.

2