# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA, *individually and on behalf of all similarly situated and/or aggrieved employees of Defendants in the State of California*,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>Defendant. | Case No. 1:24-cv-00853-KES-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PUTATIVE CLASS DECLARANTS<br><br>(ECF No. 39) |

Pending before the Court is Defendant Guardian Industries, LLC's motion to strike declarations of putative class members and the declaration of Plaintiff's expert submitted in support of Plaintiff Frank Espinoza's motion for class certification.[1] (ECF No. 39.)

A hearing took place on July 8, 2026. Counsel Nathan J. Reese and Monique R. Rodriguez appeared on behalf of Plaintiff, and counsel Mark W. Wallin appeared on behalf of Defendant. At the hearing, the Court extended the pre-certification discovery deadline as it relates to expert discovery. Accordingly, the Court declines to address the portion of Defendant's motion concerning Plaintiff's expert declaration at this time and addresses only the portion concerning the declarations of putative class members.

[1] Although Plaintiff's motion for class certification is now withdrawn (ECF No. 57), the Court nonetheless addresses Defendant's motion to strike because Plaintiff may rely on the challenged declarations in support of a renewed motion for class certification.

Having considered the moving, opposition, and reply papers, supplemental briefing, the arguments presented at the July 8, 2026 hearing, as well as the Court's record, the Court grants Defendant's motion to strike the declarations of the putative class members.

**I.**

**LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure requires, among other things, that a party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party must make these initial disclosures "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]" Fed. R. Civ. P. 26(a)(1)(C). In addition, a party must supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosures are incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

A party's failure to comply with Rule 26(a) or (e) subjects that party to sanctions under Rule 37(c). The Ninth Circuit affords "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to Rule 26's disclosure requirements. Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37 provides that a party who fails to disclose information required under Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is "self-executing" and "automatic." Yeti, 259 F.3d at 1106. The party facing sanctions bears the burden of establishing that substantial justification or harmlessness exists. Id. at 1107.

/ / /

/ / /

## II.

## DISCUSSION

A scheduling order was issued in this action on October 4, 2024. (ECF No. 11.) The scheduling order provided, in pertinent part, that the parties were to complete initial disclosures by September 18, 2024, and that all pre-certification discovery was to be completed by November 7, 2025. (Id. at p. 2.) The Court's scheduling order further states "[t]he provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced" and that "discovery requests and deposition notices must be served sufficiently in advance of discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel." (Id. at p. 3.) On February 23, 2026, the Court continued the deadline to complete pre-certification discovery to April 6, 2026, pursuant to the parties' stipulation. (ECF Nos. 33, 34.)

On May 18, 2026, Plaintiff submitted declarations from fifteen putative class members in support of his motion for class certification. (ECF No. 39-6.) Defendant moves to strike these declarations under Federal Rules of Civil Procedure 26 and 37, and the Court's scheduling order, arguing that Plaintiff failed to timely disclose the declarants as individuals with discoverable information prior to the close of discovery. (ECF No. 49.) Defendant contends that Plaintiff's privilege log reflects that these individuals were interviewed as early as September 2025, yet Plaintiff did not timely supplement his initial disclosures to identify them as individuals he may use to support his claims. (Id. at pp. 7-8.)

In opposition, Plaintiff argues that at the time of initial disclosures, the names and contact information of these individuals were unknown because Defendant had not yet produced the class list containing that information. (ECF No. 54, p. 12.) Nonetheless, Plaintiff identified "other putative class members who worked for Defendant as non-exempt employees" and described the subject matter of their knowledge. (Id.) Plaintiff contends that requiring him to "supplement disclosures with the name of every absent class member who might later participate in the action would impose an unworkable and unprecedented burden on the class action

practice." (Id. at p. 13.) Furthermore, Plaintiff argues that the privilege log does not establish that Plaintiff knew about the declarants because the interviews were merely exploratory and not all interviewed class members agreed to provide a declaration. (Id.; see also ECF No. 39-2, Nathan Resse Decl., ¶ 28.) Plaintiff contends that his disclosure obligation arose only once the individuals agreed to provide declarations. (ECF No. 54, pp. 13-15.)

The Court finds Defendant's argument well-taken. The pre-certification discovery deadline was April 6, 2026. However, Plaintiff did not disclose the identities of the class declarants until May 18, 2026, the day he filed his motion for class certification. (See ECF No. 58, Ex. A; ECF No. 59, Ex. 6.) Although Plaintiff served Defendant with supplemental disclosures on that date, the disclosure occurred after the close of pre-certification discovery and approximately one hour before Plaintiff filed his motion for class certification. (See ECF No. 58-1, p. 2.) Plaintiff's explanation that Defendant had not produced a class list does not excuse his failure to update his disclosures once he became aware of individuals he intended to rely upon, nor does Defendant's possession of its employees' names and contact information relieve Plaintiff of his obligation to timely supplement his disclosures. Likewise, Plaintiff's generalized identification of "other putative class members" did not satisfy his disclosure obligations, as such broad descriptions did not provide meaningful notice of the specific individuals Plaintiff intended to rely upon. Accordingly, the Court finds Plaintiff failed to timely supplement his disclosures as required by Rule 26(e).

The Court now turns to whether Plaintiff's untimely disclosure was substantially justified or harmless. "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010). The Court considers each factor in turn.

First, the Court finds the likelihood of disruption of trial to be neutral, as no trial date has been set.

Second, the Court finds no clear evidence of bad faith or willfulness in Plaintiff's untimely disclosure of the putative class members.

Third, the Court finds that Defendant was prejudiced and unfairly surprised by Plaintiff's untimely disclosures. Plaintiff's supplemental disclosures were made after the pre-certification deadline had expired. Although Plaintiff served Defendant with the declarations on May 18, 2026, he did so approximately one hour before filing his motion for class certification, leaving Defendant no meaningful opportunity to depose these individuals. Moreover, Plaintiff's general references to "other putative class members" were insufficient to put Defendant on notice of the specific individuals Plaintiff intended to rely upon.

Fourth, the Court finds that the prejudice is not readily curable. The Court's scheduling order made clear that "[t]he parties [were] ordered to complete all pre-certification discovery on or before [April 6, 2026]." (ECF Nos. 11, 34.) Moreover, the scheduling order expressly provided that "[t]he provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced." (ECF No. 11, p. 3.) As the Court emphasized at the July 8, 2026 hearing, the deadlines set forth in its scheduling orders are not recommendations and will be enforced absent stipulation of the parties or further order of the Court.

In sum, the Court finds that the Lanard factors weigh in favor of exclusion. Although there is no clear evidence of bad faith and the likelihood of trial disruption is neutral, Defendant was prejudiced by Plaintiff's untimely disclosures and that prejudice is not readily curable given the close of discovery. On balance, Plaintiff has not met his burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. Accordingly, the Court finds that exclusion under Rule 37(c)(1) is warranted.

Finally, at the hearing, Plaintiff requested that the Court strike Defendant's declarations submitted in support of its opposition to Plaintiff's motion for class certification as untimely. However, Plaintiff has withdrawn his motion for class certification, and the underlying opposition to that motion is therefore moot. Accordingly, the Court declines to address

Defendant's declarations at this time.[2]

**III.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to strike (ECF No. 49) is GRANTED with respect to the declarations of the putative class members.

IT IS SO ORDERED.

Dated: **July 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[2] To the extent that Defendant resubmits evidence without complying with applicable discovery rules, the Court will consider a motion to strike at that time.