# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ESPINOZA,<br>Plaintiff,<br>v.<br>GUARDIAN INDUSTRIES, LLC,<br>Defendant. | Case No. 1:24-cv-00853-KES-SAB<br>ORDER RE INFORMAL DISCOVERY DISPUTE<br>(ECF No. 72) |

On September 10, 2026, the Court conducted an informal videoconference regarding a discovery dispute. Counsel Nathan Reese appeared for Plaintiff Frank Espinoza and counsel Mark Wallin and Michael Witczak appeared for Defendant Guardian Industries, LLC. The matter was conducted on the record at the request of counsel.

The parties' dispute centers around the scope and timing of expert disclosures following the Court's July 8, 2026 Order regarding expert discovery in connection with Plaintiff's motion for class certification. (ECF No. 72.) Plaintiff requests that the Court set deadlines for pre-certification expert disclosures and permit his expert, Lawrence Beall, to prepare a new report comparing the relevant data and the parties' expert analyses on an "apples-to-apples" basis. (Id. at pp. 2-3.) Defendant opposes this request on the basis that Plaintiff's request falls outside the limited scope of discovery permitted by the Court's July 8, 2026 Order. (Id. at pp. 3-4.)

Having considered the parties' proffered arguments, the Court finds that Plaintiff has not demonstrated good cause to submit a new expert report at this stage of the proceedings when

discovery pursuant to the Court's July 8 order expires on October 2, 2026. Further, the parties have yet to conduct depositions of the experts set forth in the original motion and opposition. Plaintiff was well aware of Defendant's expert and the information contained in the expert's report when Defendant filed its opposition to Plaintiff's motion for class certification. (See ECF No. 48-8.) Plaintiff has not demonstrated why the requested additional expert report could not have been requested at the July 8, 2026 hearing or why the circumstances now warrant modifying the Court's prior Order this close to the deadline. This is not a new theme in this case.

Accordingly, the Court's July 8, 2026 Order remains in effect and Plaintiff's request is DENIED, and the parties shall proceed in accordance with the deadlines and limitations set forth therein.

IT IS SO ORDERED.

Dated: **September 11, 2026**

STANLEY A. BOONE
United States Magistrate Judge